EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In Re:<br><br>Enmiendas al Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico | 2019 TSPR 108<br><br>202 DPR ____ |

Número del Caso:  ER-2019-05


Fecha: 3 de junio de 2019


Materia: Resolución del Tribunal


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

*In re*:

Enmiendas al Reglamento para la
Asignación de Abogados y
Abogadas de Oficio de Puerto Rico

ER-2019-05

RESOLUCIÓN

En San Juan, Puerto Rico, a 3 de junio de 2019.

El Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico (Reglamento) se aprobó el pasado 12 de octubre de 2018 y entrará en vigor el 1 de enero de 2020.[1] Durante los meses siguientes a su aprobación y hasta el presente, la Rama Judicial ha emprendido un esfuerzo de orientación para promover la inscripción de entidades u organizaciones que pueden certificar las horas *pro bono* ofrecidas para fines de la exención de la Regla 7(b)(1) del Reglamento. De igual forma, la activación de la Comisión Permanente para la Evaluación del Sistema de Oficio, que se crea en virtud de la Regla 22 del Reglamento, ha cumplido con su propósito de provocar discusiones importantes con la pluralidad de entidades y sectores convocados, con miras a mejorar el sistema de oficio. La colaboración del Secretariado de la Conferencia Judicial y Notarial (Secretariado) en estos esfuerzos ha sido instrumental para conocer

---

[1] In re: Enmienda a la Regla 26 del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico; efectividad de las enmiendas a la Regla 36 del Regl. del PEJC y a la Regla 9 del Regl. del TSPR, 2019 TSPR 83, 202 DPR ____ (2019); In re: Aprobación del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico; enmienda a la Regla 36 del Regl. del PEJC y a la Regla 9 del Regl. del TSPR, 2018 TSPR 173, 201 DPR ____ (2018).

las inquietudes del gremio y elaborar unas propuestas dirigidas a mejorar el Reglamento aprobado. Consecuente con lo anterior, el Secretariado presentó ante nuestra consideración unas propuestas para enmendar el Reglamento.

Examinadas las recomendaciones del Secretariado, resolvemos adoptar las enmiendas siguientes:

.        .        .        .        .        .        .

**Regla 7. Alcance del Reglamento; banco de abogados y abogadas de oficio**
[…]
(a)    *Causa de exclusión*. […]
(b)    *Causa de exención.* […]
    (1)    […]
    (2)    […]
    (3)    […]
    (4) que ocupa un puesto a tiempo completo como empleado o empleada en el servicio público, que no se trate de un cargo público mediante nombramiento a término y que no ejerce la práctica privada de la profesión, salvo que la ejerza sin percibir honorarios para facilitar el acceso a servicios legales adecuados a personas que no pueden pagarlos;

    (5) que ocupa un puesto a tiempo completo como empleado o empleada de una entidad sin fines de lucro dedicada a ofrecer servicios legales a personas indigentes;

    (6) que funge como miembro de algún comité, comisión, junta u otros grupos de trabajo, cuyos integrantes prestan un servicio *ad honorem* para la Rama Judicial, debidamente solicitada y autorizada por el Tribunal Supremo, o

    (7) que tiene a su cargo una sección o un módulo de la Clínica de Asistencia Legal de una escuela o facultad de Derecho acreditada por el Tribunal Supremo de Puerto Rico.

    La exención al amparo del inciso (b)(2) de esta regla aplicará a quienes se dedican exclusivamente a otra profesión u oficio no relacionado con el Derecho, a las personas jubiladas que no ejercen la abogacía ni la notaría, a quienes limitan su práctica jurídica exclusivamente a prestar servicios legales sin percibir honorarios y con el fin

de adelantar los principios éticos de facilitar el acceso a servicios legales adecuados a todas las personas que no pueden pagarlos, y a abogados y abogadas en el servicio militar activo.

.        .        .        .        .        .        .

**Regla 9. Proceso de determinación de indigencia, selección de representación de oficio y notificación de la orden de asignación; deberes del abogado o de la abogada**

(a)   […]

(b)   […]

(c)   *Duración de la asignación de oficio*. El abogado o la abogada prestará sus servicios a la persona indigente durante todo el procedimiento judicial de forma diligente y competente. La asignación de oficio iniciará desde que recibe la notificación de asignación hasta completada la etapa apelativa ante el Tribunal de Apelaciones de una determinación final del Tribunal de Primera Instancia.

Cuando la persona indigente sea la parte apelada o recurrida ante el Tribunal Supremo, será deber del abogado o de la abogada de oficio presentar el escrito correspondiente. En ambas instancias, no se considerará una causa justificada para solicitar el relevo de representación legal que el abogado o la abogada de oficio estime que no existen razones meritorias para presentar un recurso o escrito, salvo que cuente con el consentimiento de su cliente para solicitar la renuncia.

Si la persona indigente desea recurrir de la determinación final del Tribunal de Apelaciones, el abogado o la abogada podrá presentar un recurso ante el Tribunal Supremo conforme dicte su juicio profesional. Si optara por no presentarlo, lo notificará oportunamente a su cliente. Además, le informará sobre el procedimiento aplicable a la presentación del recurso ante el Tribunal Supremo y, en cumplimiento con el ordenamiento ético profesional vigente, tomará aquellas medidas razonables que eviten perjuicio a los derechos de su cliente, incluyendo la entrega del expediente.

El abogado o la abogada de oficio que, por cualquier causa justificada, incluida su

falta de experiencia en práctica apelativa, no pueda cumplir con su deber de representación legal, así lo informará al tribunal oportunamente para que considere la asignación de un abogado o de una abogada auxiliar en el proceso apelativo, conforme dispone la Regla 8(j) de este Reglamento.

.        .        .        .        .        .        .

**Regla 25. Medidas transitorias**

(a)   […]

(b)   *Medidas transitorias de aplicación a los abogados y las abogadas*. Todo abogado y toda abogada deberá presentar electrónicamente, a través del sistema habilitado a esos fines, una declaración inicial durante el período de cuarenta y cinco (45) días previo a la entrada en vigor de este Reglamento. Esta declaración inicial deberá contener lo siguiente:

[…]

(c)   *Otras disposiciones transitorias*.

(1) Las disposiciones de este Reglamento serán de aplicación prospectiva. En concordancia, a partir de la entrada en vigor de este Reglamento, el pago de honorarios y el reembolso de gastos en una asignación de oficio activa a la fecha de vigencia de este Reglamento se regirán a tenor con las disposiciones aquí contenidas.

Los servicios prestados en exceso de las treinta (30) horas de servicio gratuito y los gastos razonables incurridos hasta el 31 de diciembre de 2019, en relación con una asignación de oficio al amparo del Reglamento para la Asignación de Abogados y Abogadas de Oficio en Procedimientos de Naturaleza Penal de 2008, se reclamarán dentro de un plazo improrrogable de cuarenta y cinco (45) días, contados a partir de la vigencia del Reglamento de 2018, aunque el procedimiento judicial no haya terminado.

(2) Las horas trabajadas *pro bono* para fines de la exención de la Regla 7(b)(1) a través de una de las entidades u organizaciones autorizadas por la Oficina de Administración de los

Tribunales o en los tribunales a través de los mecanismos establecidos en la Regla 5(d) y Regla 10(b) de este Reglamento que se hayan ofrecido antes de la vigencia de este Reglamento no podrán convalidarse como horas créditos de educación jurídica continua. La Junta de Educación Jurídica Continua establecerá las normas necesarias para el procedimiento de acreditación de las horas *pro bono* autorizadas al amparo de este Reglamento.

(3) No obstante las disposiciones transitorias del subinciso anterior, se podrán reconocer las horas de servicio *pro bono* para fines de la exención de la Regla 7(b)(1) pese que se hayan ofrecido antes de la entrada en vigor de este Reglamento. Las treinta (30) horas de servicio *pro bono* podrán ofrecerse a través de una de las entidades u organizaciones autorizadas por la Oficina de Administración de los Tribunales. También se reconocerán las horas de servicio *pro bono* prestadas a través de los mecanismos establecidos en la Regla 5(d) y Regla 10(b) de este Reglamento para el nombramiento o la representación legal que se hubiere asumido a partir del 3 de junio de 2019. En ambos casos, deberán utilizarse los formularios oficiales adoptados por la Oficina de Administración de los Tribunales para solicitar la certificación de horas.
4) […]

.        .        .        .        .        .        .

Estas enmiendas serán efectivas a la fecha de vigencia del Reglamento, salvo las disposiciones de la Regla 25, las cuales entrarán en vigor inmediatamente. En concordancia con lo establecido en la Regla 25(c)(3), la Oficina de Administración de los Tribunales publicará oportunamente el formulario para la certificación de horas *pro bono*.

Notifíquese por correo electrónico al Director Administrativo de los Tribunales, a la Directora del Secretariado de la Conferencia Judicial y Notarial, a la Directora Ejecutiva del Programa de Educación Jurídica Continua y al Director de la Oficina de Prensa de la Oficina de Administración de los Tribunales.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                              José Ignacio Campos Pérez
                            Secretario del Tribunal Supremo